UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-21973-Civ-SCOLA
(04-20112-Cr-SCOLA)
MAGISTRATE JUDGE PATRICK A. WHITE

KENNEDY TERRELL WALKER,

    Movant,

v.                                                    **REPORT OF**
                                              **MAGISTRATE JUDGE**

UNITED STATES OF AMERICA,

    Respondent.

_____/

## I. Introduction

The movant, **Kennedy Terrell Walker**, at first *pro se* and then through counsel, filed this motion to vacate (Cv-DE#1) with supporting memorandum (Cv-DE#4), pursuant to 28 U.S.C. §2255, challenging the constitutionality of his life sentence, pursuant to the federal three strikes law, 18 U.S.C. §3559(c), claiming that his prior violent crime convictions, that triggered his life sentence, are no longer valid predicates following the Supreme Court's decision in <u>Johnson v. United States</u>,[1] 576 U.S. ____ , 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), made retroactively applicable to cases on collateral review by <u>Welch v. United States</u>, 578 U.S. ____ , 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016). In his traverse (Cv-DE#13the movant also claims that post-<u>Johnson</u> the enhancements as a career offender and armed career criminal, as well as, his §924(c) conviction are no longer lawful.

_____

[1]As everyone is well-aware, in <u>Johnson</u>, the Supreme Court held that the Armed Career Criminal Act's (ACCA) residual clause was unconstitutionally vague, and that imposing an enhanced sentence pursuant to that clause thus violates the Constitution's guarantee of due process. In <u>Welch v. United States</u>, 578 U.S. __ , 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016), the Supreme Court held that <u>Johnson</u> announced a substantive rule that applied retroactively on collateral review.

This Cause has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B),(C); S.D.Fla. Local Rule 1(f) governing Magistrate Judges, S.D. Fla. Admin. Order 2003-19; and, Rules 8 and 10 Governing Section 2255 Cases in the United States District Courts.

The Court has reviewed the movant's motion (Cv-DE#1) with supporting memorandum (Cv-DE#4), the government's response (Cv-DE#12) thereto, the movant's traverse (Cv-DE#13), together with the Presentence Investigation Report ("PSI"), Statement of Reasons ("SOR"), and all pertinent portions of the underlying criminal file under attack here, including the trial transcripts.[2]

## II.  Claim

The gist of the movant's arguments *pro se* and through counsel, reveal that he is challenging his enhanced sentences, under the residual clause of the ACCA, pursuant to the career offender guideline, his §924(c) conviction and resulting sentence, and his mandatory life sentence, under 18 U.S.C. §3559(c), are no longer lawful, post-Johnson v. United States, supra.

## III.  Procedural History

By way of background, the movant was charged with and found guilty of two counts of carjacking, in violation of 18 U.S.C. §2119 and §2 (Counts 1-2), brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §924(c)(1)(A)(ii) and §2 (Count 3), and felon in possession of a firearm, in violation of

---

[2]The undersigned takes judicial notice of its own records as contained on CM/ECF in those proceedings. See Fed.R.Evid. 201.

18 U.S.C. §922(g)(1) and §2 (Count 5), following a jury verdict in 2004. (Cr-DE#s13,114). Prior to trial, the government filed notices of its intent to seek enhanced sentences under 18 U.S.C. §3559(c) and 18 U.S.C. §924(e). (Cr-DE#s50-52). In support of the §3559(c) enhancement, the government relied upon the movant's prior Florida robbery with a weapon and robbery with a firearm convictions, both violations of Fla.Stat. §813.13. (PSI ¶¶51,55). Regarding the §924(e) notice, the government indicated it was relying upon the movant's prior convictions for: (1) robbery by force entered in Miami-Dade County Circuit Court case no. F81-991, (2) escape entered in Miami-Dade County, Circuit Court, case no. F8l-01362; (3) aggravated assault with a deadly weapon entered in Miami-Dade County Circuit Court, case no. F84-4173; and, (4) robbery entered in Miami-Dade County, Circuit Court, case no. F85-1857.

Prior to sentencing, a PSI was prepared which determined that, pursuant to U.S.S.G. §2K2.4(b), the guideline for the §924(c) conviction (Count 3), is not less than the 7-year statutory minimum term of imprisonment. (PSI ¶24). Because the carjacking convictions involved separate victims and instances of harm and/or fear (Counts 1-2), the convictions are excluded from the grouping rules. (PSI ¶26). The guideline for the §922(g) conviction for felon in possession of a firearm (Count 5) can be grouped with Counts 1 and 2. (PSI ¶27).

After combining the different convictions, and assigning the relevant units for multiple count adjustments, the PSI set movant's combined adjusted offense level at 34. (PSI ¶45). Next, the PSI noted that, under U.S.S.G. §4B1.1(a), movant qualified for an enhanced sentence as a career offender because he had four prior felony convictions for crimes of violence, to-wit: (1) armed robbery with a weapon in case no. F88-8654D; (2) armed robbery with

a firearm in case no. F90-22303B; (3) escape in case no. 94-3107CF10A; (4) possession with intent to distribute cocaine in case no. 97-230. (PSI ¶46). Since the statutory maximum penalty for more than one of the offenses was life imprisonment, the offense level was increased to a level 37, pursuant to U.S.S.G. §4B1.1(b). (Id.). The PSI further noted that the movant qualified for an enhanced sentence as an armed career criminal, because he is subject to an enhanced sentence under 18 U.S.C. §924(e). (Id.). Nevertheless, since the career offender enhancement was higher, pursuant to U.S.S.G. §4B1.4(b)(2), the offense level remained at a level 37. (Id.).

Next, the PSI established that the movant had a total of 15 criminal history points, resulting in a criminal history category VI. (PSI ¶¶58-61). The criminal history category, however, did not change because the movant was deemed a career offender, and a career offender's criminal history category is always VI. (PSI ¶62). Based on a total level 37, with a criminal history category VI, the guideline range was set at 360 months to life imprisonment. (PSI ¶92). Pursuant to 18 U.S.C. §2119 and §3559(c), there is a mandatory term of life imprisonment. (Id.). As to Count Three, a term of 7 years imprisonment must be imposed consecutively to any other term of imprisonment, under 18 U.S.C. §924(c)(1)(A)(ii). (Id.). Regarding Count Five, the movant faced a 15-year minimum and up to a term of life imprisonment for violation fo 18 U.S.C. §922(g)(1) and §924(e). (Id.).

Prior to sentencing, movant filed objections to the PSI, challenging the enhancements based on his role in the offense, and the determination that he qualified for an enhanced sentence as an armed career criminal, because the enhancements were not charged in the indictment and proven beyond a reasonable doubt. (Cr-DE#133).

On April 22, 2005, the movant appeared for sentencing. (Cr-DE#s140-141). At the time, the court found that movant's convictions for robbery with a weapon and robbery with a firearm, both violations of Fla. Stat. §812.13, were qualifying violent felonies under §3559(c). (Cr-DE#150; Cr-DE#169). As such, the court sentenced the movant to three concurrent terms of life imprisonment as to Counts 1, 2, and 5, to be followed by a consecutive term of 7 years imprisonment as to Count 3. (Id.). Upon release from imprisonment, it was ordered that movant serve a total term of 5 years supervised release. (Id.). An amended Judgment was thereafter entered to correct a clerical error. (Cr-DE#151).

Movant prosecuted a direct appeal raising multiple claims, including a challenge to the imposition of his life sentence. (Cr-DE#191). On **October 24, 2006,** the Eleventh Circuit affirmed the convictions and sentences in a written, but unpublished opinion. See United States v. Walker, 201 Fed.Appx. 737 (11 Cir. 2006)(Cr-DE#191). No certiorari petition appears to have been filed. Therefore, the movant's conviction became **final** on **January 22, 2007,** when the 90-day period for seeking certiorari review with the U.S. Supreme Court expired upon conclusion of the movant's direct appeal.[3]

The movant had one year from the time his conviction became final, or no later than **January 22, 2008,[4]** within which to timely

---

[3]The Supreme Court has stated that a conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied. Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986); accord, United States v. Kaufmann, 282 F.3d 1336 (11th Cir. 2002).

[4]See Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008)(citing Ferreira v. Sec'y, Dep't of Corr's, 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)(this Court has suggested that the limitations period should be calculated according to the

file this federal habeas petition. See Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986); see also, See Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008)(citing Ferreira v. Sec'y, Dep't of Corr's, 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)(this Court has suggested that the limitations period should be calculated according to the "anniversary method," under which the limitations period expires on the anniversary of the date it began to run); accord United States v. Hurst, 322 F.3d 1256, 1260-61 (10th Cir. 2003); United States v. Marcello, 212 F.3d 1005, 1008-09 (7th Cir. 2000)). Applying the anniversary method to this case means petitioner's limitations period expired on **January 22, 2008.**

The movant has now come to this court, filing this, his first §2255 motion on **May 24, 2016,** after he signed and then handed it to prison authorities for mailing in accordance with the mailbox rule.[5] (Cv-DE#1:13).

## IV.  Threshold Issues

### A.  Timeliness

The government does not contest that the movant's initial

---

"anniversary method," under which the limitations period expires on the anniversary of the date it began to run); accord United States v. Hurst, 322 F.3d 1256, 1260-61 (10th Cir. 2003); United States v. Marcello, 212 F.3d 1005, 1008-09 (7th Cir. 2000)); see also, 28 U.S.C. §2255.

[5]¶"Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009); see Fed.R.App. 4(c)(1)(¶"If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing."). Unless there is evidence to the contrary, like prison logs or other records, a prisoner's motion is deemed delivered to prison authorities on the day he/she signed it. See Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001); Adams v. United States, 173 F.3d 1339 (11th Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

§2255 motion (Cv-DE#1), together with his supporting memorandum (Cv-DE#4), were timely filed under §2255(f)(3), because they were filed on **May 24, 2016,** both within one year of the Supreme Court's **June 26, 2015** Johnson decision, made retroactively applicable to initially filed §2255 cases on collateral review by Welch v. United States, 578 U.S. ____, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016). As explained by the Supreme Court in Welch v. United States:

> [T]he rule announced in Johnson is substantive. By striking down the residual clause as void for vagueness, Johnson changed the substantive reach of the Armed Career Criminal Act, altering "the range of conduct or the class of persons that the [Act] punishes." Schriro, supra, at 353, 124 S.Ct. 2519. Before Johnson, the Act applied to any person who possessed a firearm after three violent felony convictions, even if one or more of those convictions fell under only the residual clause. An offender in that situation faced 15 years to life in prison. After Johnson, the same person engaging in the same conduct is no longer subject to the Act and faces at most 10 years in prison. The residual clause is invalid under Johnson, so it can no longer mandate or authorize any sentence. Johnson establishes, in other words, that "even the use of impeccable factfinding procedures could not legitimate" a sentence based on that clause. United States v. United States Coin & Currency, 401 U.S. 715, 724 (1971). It follows that Johnson is a substantive decision ... Johnson is thus a substantive decision and so has retroactive effect under Teague in cases on collateral review.

136 S. Ct. 1257, 1265 (2016).

Since the Government waived the timeliness issue, the court need not decide whether Johnson restarted the AEDPA one-year clock under §2255(f)(3) as it pertains to his §924(c) claim, the ACCA,

7

§3559(c), or the career offender provisions of the guidelines; or, whether this proceeding is time-barred.[6] Because the government does not challenge the timeliness of this proceeding, it has waived the statute of limitations defense from consideration by the court under United States v. Frady, 456 U.S. 162, 162, 167-68 (1982). See Wood v. Milyard, 132 S.Ct. 1826, 1833 n.5, 1835 (2012). In Wood, the Supreme Court held that a district court abuses its discretion by considering a statute of limitation defense that has been affirmatively waived, as opposed to merely forfeited. (Id.). See also In Re Jackson, 826 F.3d 1343, 1347 (11 Cir. 2016)(citing Day v. McDonough, 547 U.S. 198, 210, 126 S.Ct. 1675, 1684, 164 L.Ed.2d 376 (2006) and Wood v. Milyard, 132 S.Ct. 1826 (2012)).

## B.   Procedural Default

As a general matter, a criminal defendant must assert an available challenge to a conviction or sentence on direct appeal or be barred from raising the challenge in a section 2255 proceeding. Greene v. United States, 880 F.2d 1299, 1305 (11th Cir. 1989). It is well-settled that a habeas petitioner can avoid the application of the procedural default rule by establishing objective cause for failing to properly raise the claim and actual prejudice resulting from the alleged constitutional violation. Murray v. Carrier, 477 U.S. 478, 485-86, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986) (citations omitted); Spencer v. Sec'y, Dep't of Corr., 609 F.3d

---

[6]However, it is undisputed that the movant was not sentenced under the ACCA, but rather as a career offender since it carried the higher offense level. Therefore, the issue becomes here whether Johnson's retroactivity applies  given the procedural posture and facts of this case. In all likelihood, when considered as a challenge to his §924(c) conviction, the ACCA determination, the §3559(c) enhancement, or his career offender enhancement, this proceeding is likely time-barred because Johnson has no bearing on the "use of force" clause and the arguments raised herein fail on the merits so that he cannot circumvent the timeliness issue here. However, because the government has waived the limitations issue in its response, the court will determine whether movant is entitled to habeas relief on the merits.

1170, 1179-80 (11th Cir. 2010); Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004).

To show cause, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." Wright v. Hopper, 169 F.3d 695, 703 (11th Cir. 1999). Cause for not raising a claim can be shown when a claim "is so novel that its legal basis was not reasonably available to counsel." Bousley v. United States, 523 U.S. 614, 622 (1998); see also, Reed v. Ross, 468 U.S. 1, 16 (1984).

Further, a meritorious claim of ineffective assistance of counsel can constitute cause. See United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000). Ineffective assistance of counsel claims, however, are generally not cognizable on direct appeal and are properly raised by a §2255 motion regardless of whether they could have been brought on direct appeal. Massaro v. United States, 538 U.S. 500, 503, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003); see also United States v. Patterson, 595 F.3d, 1324, 1328 (11th Cir. 2010). To show prejudice, a petitioner must show actual prejudice resulting from the alleged constitutional violation. United States v. Frady, 456 U.S. 152, 168, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982); Wainwright v. Sykes, 433 U.S. 72, 84, 97 S. Ct. 2497, 2505, 53 L. Ed. 2d 594 (1977).

If a petitioner is unable to show cause and prejudice, another avenue may exist for obtaining review of the merits of a procedurally defaulted claim. Under exceptional circumstances, a prisoner may obtain federal habeas review of a procedurally defaulted claim if such review is necessary to correct a fundamental miscarriage of justice, "where a constitutional

violation has probably resulted in the conviction of one who is actually innocent." Murray, 477 U.S. at 495-96; see also Herrera v. Collins, 506 U.S. 390, 404, 113 S. Ct. 853, 862, 122 L. Ed. 2d 203 (1993); Kuhlmann v. Wilson, 477 U.S. 436, 106 S. Ct. 2616, 91 L. Ed. 2d 364 (1986). The actual innocence exception is "exceedingly narrow in scope" and requires proof of actual innocence, not just legal innocence. Id. at 496; see also Bousley, 523 U.S. at 623 ("'actual innocence' means factual innocence, not mere legal insufficiency"); Sawyer v. Whitley, 505 U.S. 333, 339 (1992)("the miscarriage of justice exception is concerned with actual as compared to legal innocence").

Where the Supreme Court explicitly overrules well-settled precedent and gives retroactive application to that new rule after a litigant's direct appeal, "[b]y definition" a claim based on that new rule cannot be said to have been reasonably available to counsel at the time of the direct appeal. Reed v. Ross, 468 U.S. 1, 17 (1984). In other words, the Supreme Court has found cause to excuse the procedural default in situations where a claim is not "reasonably available to counsel" at the time of appeal because of the Supreme Court's subsequent articulation of a previously unrecognized constitutional principle that is held to have retroactive application. See Reed, 468 U.S. at 16. The Supreme Court in Johnson overruled precedent, announced a new rule, and then gave retroactive application to that new rule. Thus, Johnson constitutes a new rule unavailable to defendants convicted before it was handed down by the Supreme Court on June 26, 2015.

Here, the movant is also unable to demonstrate actual prejudice to excuse the procedural default, regardless of Johnson's applicability, as will be discussed in detail below. Where the merits of the claims may be reached and readily disposed of,

judicial economy has dictated reaching the merits of the claim while acknowledging the procedural default and bar in the alternative. See Lambrix v. Singletary, 520 U.S. 518 (1997). See also Barrett v. Acevedo, 169 F.3d 1155, 1162 (8th Cir. 1999)(stating that judicial economy sometimes dictates reaching the merits if the merits are easily resolvable against a petitioner and the procedural bar issues are complicated), cert. denied, 528 U.S. 846 (1999); Chambers v. Bowersox, 157 F.3d 560, 564 n. 4 (8th Cir. 1998)(stating that "[t]he simplest way to decide a case is often the best.").

## V.  **General Legal Principles**

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to §2255 are extremely limited. A prisoner is entitled to relief under §2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. See 28 U.S.C. §2255(a); McKay v. United States, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. §2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004)(citations omitted). The "fundamental miscarriage of justice" exception recognized in Murray v. Carrier, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent ...."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal. <u>Rozier v. United States</u>, 701 F.3d 681, 684 (11th Cir. 2012); <u>United States v. Nyhuis</u>, 211 F.3d 1340, 1343 (11th Cir. 2000); <u>Mills v. United States</u>, 36 F.3d 1052, 1056 (11th Cir. 1994); <u>United States v. Rowan</u>, 663 F.2d 1034, 1035 (11th Cir. 1981). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255. <u>Nyhuis</u>, 211 F.3d at 1343 (quotation omitted). Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised. <u>Sanders v. United States</u>, 373 U.S. 1, 16, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963) ("identical grounds may often be proved by different factual allegations ... or supported by different legal arguments ... or couched in different language ... or vary in immaterial respects").

Post-conviction relief is available to a federal prisoner under §2255 where "the sentence was imposed in violation of the Constitution or laws of the United States, or ... the court was without jurisdiction to impose such sentence, or ... the sentence was in excess of the maximum authorized by law." 28 U.S.C. §2255(a); see <u>Hill v. United States</u>, 368 U.S. 424, 426-27 (1962). A sentence is "otherwise subject to collateral attack" if there is an error constituting a "fundamental defect which inherently results in a complete miscarriage of justice." <u>United States v. Addonizio</u>, 442 U.S. 178, 185 (1979); <u>Hill v. United States</u>, 368 U.S. at 428.

## **Applicable Law re Armed Career Criminal Act**

Ordinarily, where as here, the movant is convicted of felon in possession of a firearm, the maximum term of imprisonment is ten

years. <u>See</u> 18 U.S.C. §922(g)(1) and §924(a)(2). However, pursuant to the Armed Career Criminal Act ("ACCA"), a felon in possession of a firearm, who has at least three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another," is subject to a 15-year mandatory minimum term of imprisonment, and up to a term of life imprisonment. <u>Id</u>. at §924(e)(1).

The ACCA defines the term "violent felony" as any crime punishable by a term of imprisonment exceeding one year that: (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another**. <u>Id</u>. at §924(e)(2)(B) (emphasis added). Subpart (i) of this definition is often referred to as the "elements clause." Subpart (ii) has two components: the first nine words constitute the "enumerated offense clause," and the last 15 words, which are emphasized above, are referred to as the "residual clause." <u>See</u> <u>Mays v. United States</u>, 817 F.3d 728, 730-31 (11th Cir. 2016); <u>see also</u>, <u>United States v. Williams</u>, ___ Fed.Appx. ___, 2017 WL 2712964, at *1 (11 Cir. June 23, 2017); <u>United States v. Owens</u>, 672 F.3d 966, 968 (11 Cir. 2012).

On June 26, 2015, the Supreme Court held, in <u>Johnson v. United States</u>, ___ U.S. ___, 135 S.Ct. 2551 (2015), that the residual clause of §924(e)(2)(B)(ii), referring to a felony that "presents a serious potential risk of physical injury to another," is unconstitutionally vague; and as such, imposing an increased sentence under the residual clause violates the Constitution's guarantee of due process, because it creates uncertainty about how to evaluate the risks posed by a crime and how much risk it takes

13

to qualify as a violent felony. <u>Johnson</u>, __ U.S. at ___, ___ 135 S. Ct. at 2557-58, 2563. However, the <u>Johnson</u> Court, specifically did not call into question the application of either the elements or the enumerated crimes clause. <u>Id</u>. at 2563. Ten months later the Supreme Court held, in <u>Welch v. United States</u>, that <u>Johnson</u> announced a new substantive rule that applies retroactively to cases on collateral review. <u>Welch</u>, ___ U.S. ___, ____, 136 S. Ct. 1257, 1264-65 (2016).

## Applicable Law Re 18 U.S.C. §924(c)

Title 18 U.S.C. § 924(c)(1)(A) provides for enhanced statutory penalties in cases where, among other things, the defendant uses or carries a firearm during and in relation to any "crime of violence or drug trafficking crime."  The statute further defines "crime of violence" as any felony that

> (A)  has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B)  that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. §924(c)(3)(A)-(B). Under §924(c), subsection (A) is known as the "use-of-force" or "elements" clause; and, subsection (B) is frequently referred to as the "residual clause." <u>See e.g.</u>, <u>In re Sams</u>, 830 F.3d 1234, 1237 (11 Cir. 2016); <u>In re Gordon</u>, 827 F.3d 1289, 1293 (11 Cir. 2016). As such, §924(c)(3) contains a "residual clause," very similar to the residual clause declared

unconstitutionally vague in Johnson.[7] However, unlike the ACCA, which requires a 15-year mandatory minimum sentence for a defendant convicted of being a felon in possession of a firearm who also has three previous convictions for a "violent felony" or "serious drug offense", §924(c) imposes a 5-year mandatory consecutive sentence for any defendant who uses a firearm during a "crime of violence" or "drug trafficking crime." 18 U.S.C. §924(c)(1)(A)(i).

In Johnson, the Supreme Court struck down a portion of the Armed Career Criminal Act's definition of "violent felony," finding part of 18 U.S.C. §924(e)(2)(B)(ii), the so-called "residual clause," to be void for vagueness. See Johnson, __ U.S. ___, ____, 135 S.Ct. at 2557-2560. In so ruling, the Supreme Court found the phrase "physical force" in paragraph (i) "means *violent* force--that is, force capable of causing physical pain or injury to another person." Johnson v. United States, 559 U.S. 133, 140, 130 S. Ct. 1265, 1271, 176 L. Ed. 2d 1 (2010) ("Johnson I"); see also, 18 U.S.C. §924(e)(2)(B)(ii). The Supreme Court in Johnson limited its holding to the ACCA's residual clause, holding that it "does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." Johnson, ___ U.S. at ___, ___, 135 S.Ct. 2551, 2563. (2015).

As the Supreme Court noted, the term "violent felony" has been defined as "a crime characterized by extreme physical force, such as murder, forcible rape, and assault and battery with a deadly weapon, [and] calls to mind a tradition of crimes that involve the possibility of more closely related, active violence." Id.

---

[7] The ACCA's residual clause that was held to be unconstitutionally vague in Johnson defines "violent felony" as an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).

(internal quotations and citations omitted); see also Leocal v. Ashcroft, 543 U.S. 1, 11, 125 S. Ct. 377, 383, 160 L. Ed. 2d 271 (2004) (stating that the statutory definition of "crime of violence," in 18 U.S.C. §16, is similar to §924(e)(2)(B)(i) because it includes any felony offense which has as an element the use of physical force against the person of another, and as such, "suggests a category of violent, active crimes...").

In addition, the Supreme Court has stated that the term "use" in the similarly-worded elements clause in 18 U.S.C. §16(a) requires "active employment;" and, the phrase "use...of physical force" in a crime of violence definition "most naturally suggests a higher degree of intent than negligent or merely accidental conduct." Leocal, 543 U.S. at 9-10; see also United States v. Palomino Garcia, 606 F.3d 1317, 1334-1336 (11th Cir. 2010) (because Arizona "aggravated assault" need not be committed intentionally, and could be committed recklessly, it did not "have as an element the use of physical force;" citing Leocal).

While the meaning of "physical force" is a question of federal law, federal courts are bound by state courts' interpretation of state law, including their determinations of the (statutory) elements of state crimes. Johnson I, 599 U.S. at 138. Further, a federal court applying state law is bound to adhere to decisions of the state's intermediate appellate courts, absent some persuasive indication that the state's highest court would decide the issue otherwise. See Silverberg v. Paine, Webber, Jackson & Curtis, Inc., 710 F.2d 678, 690 (11th Cir.1983).

To determine whether a prior conviction is for a "violent felony" under the ACCA (and thus whether a conviction qualifies as a "crime of violence" for purposes of §924(c), assuming Johnson

16

extends to §924(c)), courts use, what has become known as, the "categorical approach." <u>Descamps v. United States</u>, 133 S. Ct. 2276, 2281, 186 L. Ed. 2d 438 (2013); <u>see also</u> <u>United States v. Estrella</u>, 758 F.3d 1239 (11th Cir. 2014); <u>United States v. Williams</u>, ___ Fed.Appx. ___, 2017 WL 2712964 at *1 (11 Cir. June 23, 2017)(Therein, the court noted it "typically applies the categorical approach to determine whether a prior conviction qualifies as a violent felony or serious drug offense."). The categorical approach requires courts to "look at only the fact of conviction and the prior offense's statutory definition and evaluate whether any element of the statutory crime satisfies the elements clause of the 'violent felony' definition or whether the crime meets the definition of a 'serious drug offense' under the ACCA." <u>United States v. Williams</u>, <u>supra</u> (<u>quoting</u> <u>United States v. Aguilar-Ortiz</u>, 450 F.3d 1271, 1273 (11 Cir. 2006).

The Supreme Court has also approved a variant of the categorical approach, labeled the "modified categorical approach," for use when a prior conviction is for violating a so-called "divisible statute." <u>Johnson</u>, 559 U.S. 133, 144 (2010); <u>see also</u>, <u>United States v. Estrella</u>, 758 F.3d 1239, 1245-46 (11 Cir. 2014). A divisible statute sets out one or more elements of the offense in the alternative. <u>Id</u>. If one alternative matches an element in the generic offense, but another does not, the modified categorical approach permits sentencing courts to consult a limited class of documents, known as <u>Shepard</u> documents,[8] to determine which alternative formed the basis of the defendant's prior conviction. <u>Id</u>. The modified categorical approach then permits the court to "do

---

[8]In <u>Shepard v. United States</u>, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), the Supreme Court held that a sentencing court could examine only a limited category of documents in determining whether a prior guilty plea constituted a "burglary," and thus a "violent felony," under the Armed Career Criminal Act ("ACCA").  See <u>id</u>. at 16, 125 S.Ct. 1254.

what the he categorical approach demands: [analyze] the elements of the crime of conviction...." <u>Id</u>. In other words, "the district court determines which alternative element served as the basis for conviction by consulting a narrow universe of documents, including any charging documents, the plea agreement, the plea colloquy, and any explicit factual findings by the trial judge to which the defendant assented." <u>United States v. Williams</u>, ___ Fed.Appx. at ____, 2017 WL 2712964 at *2 (<u>quoting</u> <u>United States v. Palomino Garcia</u>, 606 F.3d 1317, 1337 (11 Cir. 2010)).

However, the modified categorical approach does not apply when the crime of which the defendant was convicted has a single, indivisible set of elements. <u>Id</u>. at 2282. Thus, when a defendant is convicted of a so-called "'indivisible' statute' – *i.e.,* one not containing alternative elements— that criminalizes a broader swath of conduct than the relevant generic offense," that conviction cannot serve as a qualifying offense. <u>Id</u>. at 2281-82.

In sum, when determining whether a conviction qualifies as a predicate offense, the courts can only look to the elements of the statute of conviction, whether assisted by <u>Shepard</u> documents or not, and not to the facts underlying the defendant's prior conviction. <u>See Descamps</u>, 133 S.Ct. 2283-85. In so doing, courts "must presume that the conviction 'rested upon nothing more than the least of the acts' criminalized." <u>Moncrieffe v. Holder</u>, ___ U.S. ___, 133 S.Ct. 1678, 1684 (2011)(<u>quoting</u> <u>Johnson I</u>, 559 U.S. at 137).

More recently, the Supreme Court in <u>Mathis v. United States</u>, ___ U.S. ___, 136 S. Ct. 2243 (2016), the Supreme Court was called upon to determine whether federal courts may use the modified categorical approach to determine if a conviction qualifies as a

predicate offense when a defendant is convicted under an indivisible statute that lists multiple, alternative means of satisfying one (or more) of its elements. <u>Mathis</u>, __ U.S. at ___, 136 S. Ct. at 2247-48. The <u>Mathis</u> Court declined to find any such exception and, in so doing, addressed how federal courts are to make the threshold determination of whether an alternatively-phrased statute sets forth alternative elements (in which case the statute would be divisible and the modified categorical approach would apply to determine which version of the statute the defendant was convicted of violating), or merely lists alternative means of satisfying one element of an indivisible statute (in which case the categorical approach would apply). <u>Id</u>. at 2256-57.

## **Applicable Law Re 18 U.S.C. §3559(c)**

Under the federal "three-strikes" statute, 18 U.S.C. §3559(c)(1), a person who is convicted of a "serious violent felony" shall receive a mandatory sentence of life imprisonment if that person has two or more prior convictions for "serious violent felonies," or one or more "serious violent felonies and one or more "serious drug offenses." <u>See</u> 18 U.S.C. §3559(c); <u>see also</u>, <u>United States v. Fulford</u>, 267 F.3d 1241, 1247 (11 Cir. 2001). Pursuant to §3559(c), "serious violent felony" is defined as:

> (i) a Federal or State offense, by whatever designation and wherever committed, consisting of consisting of murder (as described in section 1111); manslaughter other than involuntary manslaughter (as described in section 1112); assault with intent to commit murder (as described in section 113(a)); assault with intent to commit rape; aggravated sexual abuse and sexual abuse (as described in sections 2241 and 2242); abusive sexual contact (as described in sections 2244(a)(1) and (a)(2)); kidnaping; aircraft piracy (as

described in section 46502 of Title 49);
robbery (as described in section 2111, 2113,
or 2118); carjacking (as described in section
2119); extortion; arson; firearms use;
firearms possession (as described in section
924(c)); or attempt, conspiracy, or solicita-
tion to commit any of the above offenses; and

(ii) any other offense punishable by a maximum
term of imprisonment of 10 years or more that
has an element the use, attempted use, or
threatened use of physical force against the
person of another or that, by its nature,
involves a substantial risk that physical
force against the person of another may be
used in the course of committing the offense.

18 U.S.C. §3559(c)(2)(F).

## **Applicable Law Re U.S.S.G. §4B1.1 of the Guidelines**

Section 4B1.1 of the Federal Sentencing Guidelines provides
that a defendant is classified as a career offender if (1) he was
at least 18 years old at the time of the offense; (2) the offense
of conviction was either a crime of violence or a controlled
substance offense; and, (3) he had at least two prior felony
convictions of either a crime of violence or a controlled substance
offense. U.S.S.G. §4B1.1(a). The guidelines define "crime of
violence," as any offense under federal or state law that is
punishable by imprisonment for more than one year and;

(1) has as an element the use, attempted use,
or threatened use of physical force
against the person of another, or

(2) is burglary of a dwelling, arson, or
extortion, or otherwise involves conduct
that presents a serious potential risk of
physical injury to another.

20

U.S.S.G. §4B1.2(a).

## VI.  Discussion

### A.  Challenge to the ACCA Enhancement

Movant asserts that post-<u>Johnson</u>, he no longer qualifies for an enhanced sentence as an armed career criminal. (Cv-DE#s1,4,13). He claims that his prior 1989 and 1990 Florida robbery convictions do not qualify as predicate offenses for the ACCA enhancement. (Cv-DE#13:17). He also suggests that counsel was ineffective for failing to raise the issue that the enhancement, predicated on the ACCA's residual clause, was void for vagueness, and as such, his enhanced sentence was unlawful.

As will be recalled, pursuant to U.S.S.G. §4B1.4(a), the probation officer determined the movant qualified for an enhanced sentence as an armed career criminal, because he was subject to an enhanced sentence under the provisions of 18 U.S.C. §924(e). (PSI ¶46). However, as noted in the PSI, since the career offender enhancement was higher, pursuant to U.S.S.G. §4B1.4(b)(2), the offense level remained at a level 37. (<u>Id</u>.). The movant suggests that his two prior Florida robbery convictions do not support the probation officer's determination that he qualified for an enhancement under the ACCA. (Cv-DE#13:17).

**Pre-1999 Florida Robbery**. Movant suggests that his pre-1999 Florida robbery convictions do not qualify as predicate offenses to support the ACCA enhancement because they do not constitute "crimes of violence." Review of the PSI reveals that petitioner was convicted in Miami-Dade County, Florida, **case no. F88-8654D**, of robbery with a weapon; and, in Miami-Dade County, Florida, **case no.**

21

**F90-23035,** of robbery with a firearm. A copy of the state court criminal dockets is being attached hereto, and made part of the record. A copy of the court's sentencing transcript here confirms that both convictions involved violation of <u>Fla.Stat.</u> §812.13.

Florida's robbery[9] statute "encompasses both robbery and armed robbery," and "requires a taking in which 'the use of force, violence, assault, or putting in fear' occurs." <u>Benitez v. United States</u>, ___ F.3d _____, 2017 WL 2271504 at *2 (11 Cir. Apr. 6, 2017)(quoting <u>Fla.Stat</u>. §812.13(1)). In <u>Benitez</u>, the Eleventh Circuit noted that it had previously "held that a conviction for Florida armed robbery was 'undeniably a conviction for a violent felony,' citing the ACCA's elements clause." <u>Benitez v. United States</u>, <u>supra</u> (quoting <u>United States v. Dowd</u>, 451 F.3d 1244, 1255 (11 Cir. 2006)). Prior to the issuance of <u>Johnson v. United States</u>, <u>supra</u>., the Eleventh Circuit had determined that a Florida robbery

_____

[9]In pertinent part, Florida Statutes defines robbery:

> 1)        "Robbery" means the taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear.

> (2)(a)    If in the course of committing the robbery the offender carried a firearm or other deadly weapon, then the robbery is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in s.775.082, s.775.083, or s.775.084.

> (b)       If in the course of committing the robbery the offender carried a weapon, then the robbery is a felony of the first degree, punishable as provided in s.775.082, s.775.083, or s.775.084.

> (c)       If in the course of committing the robbery the offender carried no firearm, deadly weapon, or other weapon, then the robbery is a felony of the second degree, punishable as provided in s.775.082, s.775.083, or s.775.084.

conviction qualified as a violent felony under the sentencing guidelines. See <u>United States v. Lockley</u>, 632 F3d 1238 (11th Cir. 2001).

Binding precedent in the Eleventh Circuit has put to rest any doubt that a Florida state robbery conviction, regardless of when it occurred, categorically qualifies as a "violent felony" for purposes of the ACCA enhancement. See <u>United States v. Fritts</u>, 841 F.3d 937, 944 (11 Cir. 2016)(holding that a robbery conviction under Florida law, regardless of the date of conviction, is a violent felony under the elements clause). See also <u>United States v. Smith</u>, ___ Fed.Appx. ___, 2017 WL 1485021, *2 (11 Cir. Apr. 26, 2017)(unpublished)(Finding Florida's robbery statute qualifies as a violent felony under the elements clause of the ACCA because it has always required violence beyond mere snatching, and as such, has as an element the use, attempted use, or threatened use of physical force against another.); <u>United States v. Jenkins</u>, 651 Fed.Appx. 920 (11 Cir. June 3, 2016)(unpublished); <u>Brown v. United States</u>, ___ F.3d ___, 2017 WL 1745491, *4 (S.D. Fla. Mar. 17, 2017).

In three other decisions issued post-<u>Johnson</u>, the Eleventh Circuit addressed the question of whether robbery, under Florida law, is categorically a violent felony under the ACCA. See <u>United States v. Seabrooks</u>, 839 F.3d 1326 (11th Cir. 2016), <u>pet. for cert. filed</u> (U.S. Feb. 16, 2007)(No. 16-8072); <u>United States v. Fritts</u>, 841 F.3d 937 (11th Cir. 2016); and <u>United States v. Conde</u>, 2017 WL 1485021 (11th Cir. Apr. 26, 2017). In <u>Seabrooks</u>, the three judge panel agreed that <u>Lockley</u> was controlling in its determination of whether a robbery conviction, under Florida law, was a crime of violence under the ACCA elements clause. <u>Seabrooks</u>, 839 F.3d at 1346 (J. Martin, concurring) ("[T]his panel opinion stands only for the proposition that our Circuit precedent in [<u>Lockley</u>] requires

Mr. Seabrooks's 1997 Florida convictions for armed robbery to be counted in support of his [ACCA] sentence."). In <u>Fritts</u>, 841 F.3d at 940-942, the Eleventh Circuit reiterated that, under Florida law, "robbery is categorically a crime of violence under the elements of even the least culpable of these acts criminalized by Florida Statute §812.13(1)." In <u>Conde</u>, the Eleventh Circuit rejected the argument that a Florida robbery conviction, under <u>Fla.Stat</u>. §812.13, entered prior to the Florida Supreme Court's opinion in <u>Robinson v. State</u>, 692 So. 2d 883, 886 (Fla. 1997), did not constitute a crime of violence, finding that "Florida robbery has *always* required the 'substantial degree of force' required by the ACCA's elements clause." <u>Conde</u>, 2017 WL 1485021 at *2 (<u>citing Johnson v. United States</u>, 559 U.S. 133, 140, 130 S. Ct. 1265, 1271 (2010)) (emphasis added).

More recently, the Eleventh Circuit again found that a Florida robbery conviction is categorically a violent felony under the ACCA's elements clause. <u>See</u> <u>United States v. Bostick</u>, ___ Fed.Appx. ___, 2017 WL 164313 (11 Cir. 2017)(finding 2010 Florida robbery conviction was categorically a violent felony under ACCA's elements clause). In <u>Bostick</u>, the Eleventh Circuit reiterated that its binding precedent in <u>Fritts</u>, <u>Lockley</u> and <u>Seabrooks</u>, found all Florida robbery convictions, in violation of <u>Fla.Stat</u>. §812.13, are categorically violent felonies under the ACCA's elements clause.

In light of the foregoing, contrary to the movant's arguments here, the movant's prior Florida convictions for robbery with a deadly weapon and robbery with a firearm are violent felonies under the elements clause of the ACCA, regardless of when the robbery conviction occurred or was otherwise entered. Consequently, he is not entitled to relief on this basis, and these prior convictions properly support the movant's armed career criminal enhancement.

24

**Serious Drug Offense**. It bears mentioning that the movant also has a prior conviction in Georgia, **case no. 97-CR-930**, for possession with intent to distribute cocaine. (PSI ¶57). Under O.C.G.A. §16-13-30(b),(d), the version of the Georgia statute in effect from 1990 to 2012, it is "unlawful for any person to manufacture, deliver, distribute, dispense, administer, sell or possess with intent to distribute any controlled substance" and provides that such a violation "with respect to a controlled substance in Schedule I or narcotic drugs in Schedule II" punishable "by imprisonment for not less than five years nor more than 30 years" on the first offense); O.C.G.A §16-13-26 (list of Schedule II controlled substances); Dennard v. State, 265 Ga. App. 229, 229 (2004) (cocaine qualifies as narcotic drug).

The Supreme Court in Johnson said nothing, however, about ACCA enhancements predicated on convictions for "serious drug offenses" or "violent felonies" as defined by ACCA provisions other than the residual clause. See, e.g., Johnson, 135 S. Ct. at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony," much less its definition of "serious drug offense"). After Johnson, enhancements based on those offenses remain valid. United States v. Tinker, 618 Fed.Appx. 635, 637 (11th Cir. 2015) (convictions that qualify as violent felonies under the "elements" clause of the ACCA, rather than the "residual" clause, survive Johnson). Thus, the movant's Georgia conviction also remains a qualifying "serious drug offense" post-Johnson.

However, it bears noting that the movant's prior escape conviction does not qualify as a predicate offense for purposes of the ACCA enhancement. This is so because the Eleventh Circuit has determined that a walk-away escape from a penal institution is not

a crime of violence. <u>United State v. Lee</u>, 586 F.3d 859, 873 (11th Cir. 2009) (finding that a non-violent walkaway escape is not properly classified as a violent felony under the ACCA because it is not "roughly similar, in kind as well as in degree of risk posed, to arson, burglary, extortion, or crimes involving the use of explosives."). However, this is of no consequence, since the movant has three qualifying predicate offenses to support the ACCA designation, as set forth in the PSI.

For all of the foregoing reasons, the movant's ACCA enhancement remains lawful. He is not entitled to vacatur of his armed career criminal designation post-<u>Johnson</u>.

## B.  <u>Challenge to §924(c) Conviction</u>

Next, the movant argues that his §924(c) conviction, for carrying a firearm during and in relation to a crime of violence, as charged in Counts 1 and 2 of the indictment, is no longer lawful in light of the Supreme Court's decision in <u>Johnson</u>, <u>supra</u>. Movant's §924(c) conviction is predicated on his conviction for two counts of carjacking, under 18 U.S.C. 2119.

The carjacking statute, 18 U.S.C. §2119, provides, in pertinent part, as follows:

> Whoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall--(1) be fined under this title or imprisoned not more than 15 years, or both.

18 U.S.C. §2119(1) (footnote omitted). In order to obtain a conviction under the federal carjacking statute, the government must prove that the defendant: "(1) with intent to cause death or serious bodily harm (2) took a motor vehicle (3) that had been transported, shipped or received in interstate or foreign commerce (4) from the person or presence of another (5) by force and violence or intimidation." United States v. Baker, 669 Fed. Appx. 525, 526 (11th Cir. 2016)(citing United States v. Diaz, 248 F.3d 1065, 1096 (11th Cir. 2001); see also, Ovalles v. United States, ____ F.3d ___, 2017 WL 2829371, at *9 (11th Cir. June 30, 2017).

First, the Eleventh Circuit has found that "§924(c)(3)(B) is not plagued by the same contradictory and opaque indications as the ACCA's residual clause on 'how much risk' is necessary to satisfy the statute, because the phrase 'substantial risk' is not preceded by a 'confusing list of examples.'" Ovalles v. United States, supra. Since movant's challenge to his §924(c) conviction is now foreclosed by binding Eleventh Circuit precedent, this claim warrants no federal habeas corpus relief.

Regardless of the foregoing, the movant alleges in this §2255 proceeding that his conviction and resulting sentence for carrying and using a firearm during and in relation to a crime of violence (i.e., carjacking), pursuant to 18 U.S.C. §2119), is unconstitutional under the Supreme Court's decision in Johnson v. United States, __ U.S. ___, 135 S.Ct. 2557 (June 26, 2015). (Cv-DE#8). The government argues, however, that this §2255 motion should be denied, in pertinent part, because: (1) the movant procedurally defaulted the claim since he failed to raise it on direct appeal; (2) the Johnson decision does not apply to convictions under 18 U.S.C. §924(c); and, (3) the Johnson claim warrants no relief on the merits, since §2119 qualifies under the

27

use-of-force clause of §924(c).

Whether an offense is a "crime of violence" under Section 924(c) requires a categorical analysis of the offense's elements and not the actual facts of the Movant's conduct. United States v. McGuire, 706 F.3d 1333, 1336-37 (11th Cir. 2013). Here, the relevant inquiry, therefore, requires a determination whether carjacking under §2119 "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," or that "by its nature, involves a substantial risk that physical force against the person or property of another may be used." 18 U.S.C. §924(c)(3)(A)-(B).

Although there is a split amongst the Circuits with regard to whether §924(c)(3)(B) is unconstitutionally void-for-vagueness post-Johnson, the Eleventh Circuit has recently agreed with decisions from the Second,[10] Sixth,[11] and Eighth[12] Circuits, "holding that Johnson's void-for-vagueness ruling does not apply to or invalidate the 'risk-of-force' clause in §924(c)(3)(B)." See Ovalles v. Tavarez-Alvarez, ___ F.3d ___, 2017 WL 2972460 (11 Cir. July 11, 2017). In so ruling, the Eleventh Circuit observed that the "ACCA identifies 'previous convictions' for the purpose of applying a recidivist sentencing enhancement to a defendant felon who later possesses a firearm in violation of 18 U.S.C. §922(g)," while "§924(c) creates a new and distinct offense for a person who, 'during and in relation to any crime of violence or drug trafficking crime, ... for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in

---

[10]United States v. Hill, 832 F.3d 135, 145-49 (2d Cir. 2016).

[11]United States v. Taylor, 814 F.3d 340, 375-79 (6 Cir. 2016).

[12]United States v. Prickett, 839 F.3d 697, 699-700 (8 Cir. 2016).

furtherance of such crime, possesses a firearm.'" Id. (quoting §924(c)(1)(A).

In other words, the Eleventh Circuit determined that §924(c) "is not concerned with recidivism, but rather with whether the instant firearm was used 'during and in relation to' the predicate crime of violence (or drug trafficking offense) or possessed in furtherance of such predicate offenses. See id. §924(c)(1)(A)(ii)-(iii). Thus, the Eleventh Circuit concluded that the "'nexus' between the §924(c) firearm offense and the predicate crime of violence makes the crime of violence determination more precise and more predictable." Id.

Moreover, the Eleventh Circuit further held in Ovalles v. United States, supra., that "even if Johnson's void-for-vagueness ruling applies to §924(c)(3)(B)," an attempted-carjacking offense constitutes a crime of violence under the "use of force" clause in §924(c)(3)(A). Consequently, for all of the foregoing reasons, and in light of Ovalles, the movant's argument that his §924(c) conviction is unlawful fails. Relief is not warranted on this basis. The movant's Johnson challenge to his §924(c) conviction is procedurally defaulted and, alternatively, fails on the merits.

## C. §3559 Enhancement

Movant also suggests that his §3559(c) enhancement is unlawful post-Johnson. (Cv-DE#13). It bears noting that the sentencing court here found that the movant's two prior Florida robbery convictions, as set forth in paragraphs 51 and 55 of the PSI, constitute serious violent felonies for purposes of §3559(c). (SOR:Addt'l Comments or Findings; See also, Cv-DE#12-1:Ex.A-2005 Sent. Transcript). Under the three strikes statute, 18 U.S.C. §3559(c), an individual who is

convicted of a "serious violent felony" shall receive a mandatory sentence of life imprisonment if he has previously been convicted of two or more "serious violent felonies" or one or more "serious violent felonies" and one or more serious drug offenses. 18 U.S.C. §3559(c); see also, United States v. Fulford, 267 F.3d 1241, 1247 (11 Cir. 2001).

As argued correctly by the government, Johnson rejected the argument that striking the ACCA's residual clause would invalidate or otherwise call into question other criminal statutes that "use terms like 'substantial risk.'" Johnson, at 2561. The Eleventh Circuit's has determined in Gray v. United States, 622 Fed.Appx. 788 (11 Cir. July 10, 2015), that §924(e) and §3559(c)(3)(A) are different, in pertinent part, because §3559(c)'s language "requires a sentencing court to look to the underlying facts of the offense in order to determine whether it was a non-qualifying offense." Gray. at 793. Here, Johnson has no applicability to the movant's §3559(c) enhancement. Consequently, any argument in this regard also fails.

### D.  **Career Offender Enhancement**

In the instant case, the Movant's advisory range was calculated based on his status as a career offender and not as an armed career criminal under ACCA. A unanimous United States Supreme Court recently held that Johnson does not apply to the sentencing guidelines because "advisory Guidelines are not subject to vagueness challenges under the Due Process Clause...." United States v. Beckles, ___ U.S. ___, 137 S.Ct. 886, 894, 197 L.Ed.2d 145, 153 (2017); Middleton v. United States, 2017 WL 2963442 (11 cir. July 12, 2017); see also United States v. Matchett, 802 F.3d 1185, 1189, 1193-95 (11th Cir. 2015). Thus, the federal sentencing

guidelines are not subject to a vagueness challenge under the Due Process Clause and remain unaffected by <u>Johnson</u>. Consequently, the movant's <u>Johnson</u>-based attack on the career offender designation in his PSI has been "squarely foreclose[d]" by both Eleventh Circuit and U.S. Supreme Court precedent. <u>See</u> <u>United States v. Beckles</u>, ___ U.S. ___, 137 S.Ct. 886, 197 L.Ed.2d 145 (2017); <u>United States v. Brown</u>, 627 Fed.Appx. 912 (11th Cir. 2015). <u>See also</u> <u>United States v. Middleton</u>, 2017 WL 296442 at *1.

## VII.   <u>Certificate of Appealability</u>

As amended effective December 1, 2009, §2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §2253(c)(2)." <u>See</u> Rule 11(a), Rules Governing §2255 Proceedings for the United States District Courts. A §2255 movant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §2253(c)." <u>See</u> <u>Fed.R.App.P</u>. 22(b)(1). Regardless, a timely notice of appeal must still be filed, even if the court issues a certificate of appealability. <u>See</u> 28 U.S.C. §2255-Rule 11(b).

However, "[A] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." <u>See</u> 28 U.S.C. §2253(c)(2). To make a substantial showing of the denial of a constitutional right, a §2255 movant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented

were adequate to deserve encouragement to proceed further."
Miller-El v. Cockrell, 537 U.S. 322, 336-37 (2003) (citations and
quotation marks omitted); see also Slack v. McDaniel, 529 U.S. 473,
484 (2000); Eagle v. Linahan, 279 F.3d 926, 935 (11th Cir. 2001).

After review of the record in this case, the Court finds the
movant has not demonstrated that he has been denied a
constitutional right or that the issue is reasonably debatable. See
Slack, 529 U.S. at 485; Edwards v. United States, 114 F.3d 1083,
1084 (11th Cir. 1997).  Consequently, issuance of a certificate of
appealability is not warranted and should be denied in this case.
Notwithstanding, if movant does not agree, he may bring this
argument to the attention of the District Judge in objections.

## VIII. <u>Conclusion</u>

Based on the foregoing, it is recommended that this motion to
vacate be DENIED on the merits, that no certificate of
appealability issue, and the case be closed.

Objections to this report may be filed with the District Judge
within fourteen days of receipt of a copy of the report.

Signed this 20th day of July, 2017.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Aimee Allegra Ferrer, AFPD
     Federal Public Defender's Office
     150 W Flagler Street, Suite 1700
     Miami, FL 33130-1555
     Email: aimee_ferrer@fd.org

Matthew John Langley, AUSA
U.S. Attorney's Office
Southern District of Florida
99 N.E. 4th Street
Miami, FL 33132
Email: matthew.langley@usdoj.gov