United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Kennedy Terrell Walker, )<br>Movant, )<br>)<br>v. )<br>)<br>United States of America, )<br>Respondent. ) | Case No. 16-21973-Civ-Scola |

**Order on Defendant's Motion to Reduce Sentence
Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)**

On April 7, 2020, Movant Kennedy Terrell Walker, initially proceeding pro se, filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Mot., ECF No. 33.) The Government responded, arguing Walker's motion was foreclosed because he had failed to exhaust his administrative remedies. (Gov't's 1st Resp., ECF No. 35.) Concluding the Government had misapprehended the standard for exhaustion, the Court ordered the Government to show cause why the warden's failure to act within thirty days of receiving Walker's request did not afford Walker the ability to proceed with his motion. (Order, ECF No. 36.) The Government responded, continuing to maintain Walker failed to exhaust his remedies but addressing—and rejecting—the merits of his request as well. (Gov't's 2nd Resp., ECF No. 39.) Walker filed a reply, with the benefit of counsel through the Federal Public Defender. (ECF No. 43.) Having carefully considered the parties' filings, the record, and the relevant legal authorities, as well as the 18 U.S.C. § 3553 factors, the Court **denies** Walker's motion (**ECF No. 33**.)

As an initial matter, the Court finds Walker has properly exhausted his administrative remedies. "The plain language of § 3582(c)(1)(A), as amended by the First Step Act, gives the Court authority to act 'upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf *or* the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.'" *United States v. York*, 3:11-CR-76, 2019 WL 3241166, at *5 (E.D. Tenn. July 18, 2019) (quoting 18 U.S.C. § 3582(c)(1)(A)) (emphasis added in opinion). Puzzlingly, and without citing any actual law, the Government continues to maintain Walker has not exhausted his administrative remedies despite acknowledging that Walker's request to the warden for compassionate release was denied "6 days after the expiration of the

30-day time lapse." (Gov't's 2nd Resp. at 2.) Based on the plain language of § 3582(c)(1)(A), Walker's motion is properly before the Court.

In evaluating Walker's motion, the Court acknowledges there are indeed various circumstances where courts should release inmates from prison, and this Court has not hesitated to do so where appropriate. *See United States v. Kahn*, Case No. 11-cr-20331 (S.D. Fla. Oct. 11, 2019) (Scola, J.)*; United States v. Oreste*, Case No. 14-cr-20349 (S.D. Fla. Apr. 6, 2020) (Scola, J.). But this is not one of those cases. *See also United States v. Esformes*, Case No. 16-cr-20549 (S.D. Fla. Apr. 9, 2020) (Scola, J.); *United States v. Steinger*, Case No. 08-cr-21158 (S.D. Fla. Apr. 14, 2020) (Scola, J.).

In 2005, then District Court Judge Adalberto Jordan sentenced Walker to a mandatory term of life imprisonment—based on his status as a career offender—and a consecutive term of seven years to follow the term of life imprisonment. *United States v. Walker*, Case No. 04-cr-20112, ECF Nos. 141, 150, 151 (S.D. Fla. Apr. 22, 2005) (Jordan, J.). At the same time, Judge Jordan imposed an alternative sentence of 480 months "should [the] ruling on the section 3559 enhancement be found erroneous." *United States v. Walker*, 201 Fed. Appx. 737, 740 (11th Cir. 2006); *see also Walker*, Case No. 04-cr-20112, ECF No. 168: 16–17. Walker's sentence was imposed following his convictions for multiple counts of carjacking and firearm offenses. The enhancement was based on two prior robberies which Judge Jordan found to be serious violent felonies. *Walker*, 201 Fed. Appx. at 739. Walker's request here, if granted, would result in a twenty-four-year reduction of just his alternative sentence of forty years, not even considering his life sentence. Despite the severity of Walker's alleged medical condition, the Court finds such a reduction, given the seriousness of his offenses and his criminal history, inappropriate at this time.

Under the relevant Sentencing Guidelines Policy Statement, the Court "may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that . . . extraordinary and compelling reasons warrant a reduction." § 1B1.13. The Court must also find that the defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.* at policy stmt. Based on this framework, in order to release Walker at this time, the Court must find extraordinary and compelling reasons warrant his release, that he is not a danger to the community, and consider the factors in 18 U.S.C. § 3553(a). Recently, and specifically in connection with the COVID-19 pandemic, Attorney General William Barr emphasized the importance of protecting the public from individuals who may pose a danger to society and he echoed the need for careful, individualized determinations on the appropriateness of

releasing any given inmate and does not encourage a mass release of all qualifying inmates. (Memorandum from the Attorney General (Apr. 3, 2020).)

Even if the Court assumes, in its evaluation of Walker's motion, that Walker's medical conditions amount to extraordinary and compelling reasons that would warrant a reduction, his release now would nonetheless conflict with the § 3553(a) factors. This is so even in light of the risks posed by the COVID-19 pandemic. Releasing Walker after only sixteen years, in light of just his alternative sentence of forty years, never mind the life sentence actually imposed, would minimize the severity of his offenses. *See, e.g.,* 18 U.S.C. § 3553(a)(2)(A). The crimes for which Walker was convicted caused and threatened serious harm and Walker's conduct indicated a total disregard of the law and human life. He aggressively threatened his victim's life, at gun point, and while being pursued by the police, ran multiple red lights, drove directly at an officer's vehicle, and ultimately lost control of the stolen car he had been driving. *Walker*, 201 Fed. Appx. at 739; *see also* Presentence Investigation Report ¶¶ 5, 10. Walker also directed the conduct of his co-defendant, instructing him to demand another victim's wallet, car keys, and car while Walker held the other victim at gunpoint. (PSI at ¶¶ 5, 17.) Walker also has a long criminal history, involving multiple violent felonies, multiple violations while on release, a hit-and-run car accident resulting in serious physical injury, another high-speed car chase with the police, and escape from a state correctional center. (*Id.* at ¶¶ 51–57.)

At the time of sentencing, the nature and circumstances of the offense and the history and characteristics of the offender, *see* § 3553(a)(1), coupled with the need to ensure adequate punishment, deterrence, and community protection, *see id.* at (a)(2)(A-C), and to avoid unwarranted disparity, *see id.* at (a)(6), warranted a sentence of life imprisonment or, alternatively, forty years. As indicated above, Walker has served only approximately sixteen years of his sentence. Even if the Court were to consider the advisory Guideline range in this case—360 months to life—Walker would still have only served just over half of a sentence imposed at the low end of the guidelines. Even duly crediting Walker's serious health issues, and understanding that Walker's time in prison has been rendered "significantly more laborious than that served by most inmates," as he puts it (Mot. at 23) and which the Court does not doubt, the severity of his offenses and the seriousness of his history counsels the Court against releasing him after serving so little of his sentence.[1]

---

[1] The Court notes the Government didn't bother to communicate its position regarding whether Walker presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g). Without more, based on Walker's unrebutted presentation, the Court finds Walker's described physical limitations and mental and emotional evolutions render him not a danger under § 3142(g).

For the reasons set forth above, and in consideration of the statutory factors, the Court **denies** Walker's motion to reduce his sentence (**ECF No. 33**).

**Done and ordered** at Miami, Florida, on May 7, 2020.

_____
Robert N. Scola, Jr.
United States District Judge