UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-21973-CV-SCOLA
(04-20112-CR-SCOLA)
MAGISTRATE JUDGE REID

KENNEDY TERRELL WALKER,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## REPORT OF MAGISTRATE JUDGE

This matter is before the court on a motion to amend and motion for indicative ruling. [CV ECF No. 27]. The undersigned has reviewed all pertinent portions of the records in both this case and the underlying criminal case. As discussed below, movant's motion should be **DENIED**.

### I.  Background

Movant initially filed a motion to vacate his conviction in June 2016. [CV ECF No. 1]. The motion sought relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015). The court appointed counsel and directed that counsel file a supplemental motion. [CV ECF No. 5]. After briefing of the issue, a report was prepared recommending that the motion to vacate be denied. [CV ECF No. 16]. The report

1

was adopted and the movant appealed. [CV ECF Nos. 20, 22]. While the appeal was pending Movant filed the instant motion to file an amended motion and request for an indicative ruling as to whether the court would accept the amended motion. [CV ECF No. 27].

In his motion to amend Movant seeks leave to add a claim that his conviction for violation of 18 U.S.C. § 922(g) should be vacated in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019). [*Id.*].

## II. Legal Analysis

### A. Procedural Default

"A claim not raised on direct appeal is procedurally defaulted unless the petitioner can establish cause and prejudice for his failure to assert his claims on direct appeal." *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001) (citing *United States v. Frady*, 456 U.S. 152, 167-68 (1982)). "This rule generally applies to all claims, including constitutional claims." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004) (per curiam) (citing *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)).

"A defendant can avoid a procedural bar only by establishing one of the two exceptions to the procedural default rule." *Id.* "Under the first exception, a defendant must show cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error." *Id.* (citing, *inter alia*, *Bousley v. United States*, 523

U.S. 614, 622 (1998)). Under the second exception, the defendant must show that he is "actually innocent." *Id.* at 1234-35 (citing cases).

"The 'cause' excusing the procedural default must result from some objective factor external to the defense that prevented the prisoner from raising the claim and which cannot be fairly attributable to his own conduct." *McCoy v. Newsome*, 953 F.2d 1252, 1258 (11th Cir. 1992) (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). A movant may show cause "where a constitutional claim is so novel that its legal basis is not reasonably available to counsel[.]" *Reed v. Ross*, 468 U.S. 1, 16 (1984). Furthermore, "an attorney's errors during an appeal on direct review may provide cause to excuse a procedural default[.]" *Martinez v. Ryan*, 566 U.S. 1, 11 (2012) (citing cases).

In *Rehaif*, the Court held that, in a prosecution for possession of a firearm by a restricted person in violation of 18 U.S.C. § 922(g), the government must prove both that the defendant knew he possessed the firearm and that he knew he belonged to the relevant category of restricted persons, convicted felons. Although the indictment did not allege that Movant was aware of his status as a convicted felon, Movant did not preserve an objection that he lacked knowledge of his status either at trial or on direct appeal.

If the court were to grant the amendment, the government would argue that the claim is procedurally barred. Movant's claims are procedurally defaulted

because claims not raised at trial or on direct appeal "may not be raised on collateral review." *Massaro v. United States*, 538 U.S. 500, 504 (2003). Movant, therefore, procedurally defaulted this claim when he did not raise the knowledge-of-status issue both at trial and on direct appeal. *See Wainwright v. Sykes*, 433 U.S. 72, 85-86 (1977) (claim defaulted when no contemporaneous objection was lodged at trial); *Murray v. Carrier*, 477 U.S. 478, 490-492 (1986) (claim not raised on direct appeal is procedurally defaulted).

### B. Movant Cannot Establish Cause and Prejudice

To overcome the procedural-default defense, a defendant must either show both "cause" for the default and "actual prejudice" from the asserted *Rehaif* error, or that he is actually innocent. *Bousley*, 523 U.S. at 622 (citations omitted). Movant presumably would argue to the Court that any *Rehaif*-based claim was likely to have been rejected had he raised it before the trial court or on direct appeal and was therefore futile. However, the Supreme Court has held that "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time," *id*. at 623, with only a narrow exception for a hypothetical "claim that 'is so novel that its legal basis is not reasonably available to counsel,'" *id*. at 622-623 (quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)).

The question presented in *Rehaif* has been thoroughly and repeatedly litigated in the courts of appeals over the last three decades, and as such, it does not qualify

4

under the novelty exception. *United States v. Bryant*, 2020 WL 353424 (E.D.N.Y. Jan. 21, 2020) (citing *United States v. Reap*, 391 F. App'x 99, 103-04 (2d Cir. 2010)) (challenging the validity of a plea, rejecting while affording plenary treatment to a defendant's claim that he did not know his felon status, including his assertion that "Supreme Court jurisprudence in analogous cases" required proof of such knowledge); *United States v. Kind*, 194 F.3d 900, 907 (8th Cir. 1999) (rejecting defendant's argument that "district court erred in not instructing the jury that a defendant must know his status as a convicted felon to violate § 922(g)(1)"); *see also Rehaif*, 139 S. Ct. at 2199 (observing that, even "[p]rior to 1986 ... there was no definitive judicial consensus that knowledge of status was not needed").

Even if Movant's *Rehaif* claim were novel he cannot establish prejudice. Movant cannot make a threshold showing of "actual innocence." *Smith v. Murray*, 477 U.S. 527, 537 (1986). The "actual innocence" exception requires the defendant show that it was "more likely than not that no reasonable juror would have convicted him" had the district court correctly instructed the jury and given the government the opportunity to adduce evidence of the omitted element. *Schlup v. Delo*, 513 U.S. 298, 327-328 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. Accordingly, the Court is not limited to the trial record when adjudicating a claim of actual innocence. *See Schlup*, 513 U.S. at

328 ("The habeas court must make its determination concerning the petitioner's innocence in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial.") (internal quotation omitted).

Movant cannot establish his actual innocence because there is ample evidence to establish that he knew that he had been convicted of a crime punishable by imprisonment for a term exceeding one (1) year prior to possessing the firearm. After *Rehaif*, the government must prove that the defendant "knew he had the relevant status when he possessed" the firearm, 139 S. Ct. at 2194—i.e., "that he knew he belonged to the relevant category of persons barred from possessing a firearm," *id*. at 2200. This requirement does not demand proof that the defendant specifically knew that he was legally prohibited from possessing a firearm. Rather, under *Rehaif*, the government must prove that under a felon-in-possession prosecution invoking §922(g)(1), the defendant knew that his prior conviction was punishable by at least one year of imprisonment. Here, there is ample evidence to establish that Movant knew that he had been convicted of a crime punishable by imprisonment for a term exceeding one year prior to possessing the firearm. Movant had following four prior felony convictions: (1) armed robbery with a weapon; (2) armed robbery with a firearm; (3) escape; and (4) possession with intent to distribute cocaine. [PSI ¶ 46].

If the defendant had not procedurally defaulted his *Rehaif* claim, then he would bear the burden of establishing error on collateral review. *See In re Moore*, 830 F.3d 1268, 1272 (11th Cir. 2016) (collecting cases). To obtain relief under § 2255, Movant must identify "a fundamental defect which inherently result[ed] in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428 (1962). To succeed on a knowledge-of-status objection, Movant would need to carry his burden of demonstrating that the error had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637-638 (1993)(internal quotation omitted); *Ross v. United States*, 289 F.3d 677, 682 (11th Cir. 2002). Where, as here, evidence exists from which a rational juror could have inferred that a defendant knew of his status as a convicted felon, he cannot establish "substantial or injurious effect" on the outcome of the proceedings below. Accordingly, even if the procedural default bar did not apply, Movant is unable to satisfy his burden on the merits of his *Rehaif* claim.

## V. Recommendations

Based on the foregoing, it is recommended that movant's motion to amend [ECF No.27] be DENIED.

Objections to this report may be filed with the district judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar

movant from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985).

SIGNED this 26th day of June, 2020.

UNITED STATES MAGISTRATE JUDGE

Copies furnished:

Aimee Allegra Ferrer
Federal Public Defender's Office
150 W Flagler Street
Suite 1700
Miami, FL 33130-1555
Email: aimee_ferrer@fd.org

Anshu Budhrani
Federal Public Defender's Office
150 West Flagler Street, Suite 1700
Miami, FL 33130
Email: anshu_budhrani@fd.org

Andrea Goldbarg
U.S. Attorneys Office
99 NE 4th Street
Miami, FL 33132
Email: andrea.goldbarg@usdoj.gov

Matthew John Langley
US Attorney's Office
Southern District of Florida

99 N.E. 4th Street
Miami, FL 33132
Email: matthew.langley@usdoj.gov