United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Kennedy Terrell Walker,<br>Movant,<br><br>v.<br><br>United States of America,<br>Respondent. | )<br>)<br>)<br>) Case No. 16-21973-Civ-Scola<br>)<br>)<br>) |

**Order Adopting Report and Recommendations**

This case was referred to the United States Magistrate Judge for a ruling on all pre-trial, nondispositive matters and for a report and recommendation on any dispositive matters. (ECF No. 3.) Previously, the Court adopted the magistrate judge's report and recommendation, recommending that Movant Kennedy Terrell Walker's § 2255 motion to vacate be denied. (Order, ECF No. 20.) At the same time, the Court issued a certificate of appealability. (*Id.* at 2.) Walker appealed the Court's decision and that appeal remains pending before the Eleventh Circuit. Now before the Court are Walker's request to amend his motion to vacate under § 2255 and request for an indicative ruling. (Pet'r's Mot., ECF No. 27.) United States Magistrate Judge Lisette Reid recommends that Walker's motion to amend be denied. (Rep. & Rec., ECF No. 45.) Walker has timely objected to the recommendation. (Pet'r's Objs., ECF No. 46.) The government has not responded to those objections and the time to do so has passed. After careful review, the Court **overrules** Walker's objections (**ECF No. 46**), adopts Judge Reid's report and recommendations (**ECF No. 45**), and **denies** Walker's motion to amend and **denies as moot** Walker's motion for an indicative ruling (**ECF No. 27**).

1. **Background**

One of the charges Walker was convicted of, after a jury trial, was for being a felon in possession of a firearm under 18 U.S.C. § 922(g). Upon appeal, Walker's convictions and sentence were affirmed by the Eleventh Circuit. *United States v. Walker*, 201 Fed. App'x 737, 741 (11th Cir. 2006). While Walker's appeal of the Court's denial of his associated § 2255 motion to vacate was pending, the United States Supreme Court issued its opinion in *Rehaif v. United States*, 139 S. Ct. 2191, 2194 (2019). In *Rehaif* the Supreme Court clarified that, in prosecutions under 18 U.S.C. § 922(g), the government must prove both that the defendant knew he possessed a firearm and also that he knew he had the relevant status, rendering his possession unlawful. Walker

says that *Rehaif* has rendered his conviction under § 922(g) invalid because the prosecution only charged him with knowing possession and not with knowledge of his status relevant to his possession. Accordingly, he seeks to amend his motion to vacate to include a claim challenging his § 922(g) conviction and sentence under *Rehaif*.

Judge Reid recommends denying Walker's motion to amend, concluding his *Rehaif* challenge is procedurally barred and Walker cannot establish cause and prejudice, or actual innocence, to overcome the bar.

### 2. Discussion

Walker, in his objections, complains Judge Reid's report "jumps over the procedural questions at issue—whether to grant Mr. Walker leave to amend his § 2255 motion to add a *Rehaif* claim—and instead recommends denial based upon a substantive review of the merits of the *Rehaif* claim." (Pet'r's Objs. at 2–3.) According to Walker, this was in error because "the government explicitly waived" this defense to Walker's claim. (*Id.* at 3.) The Court finds the argument unpersuasive.

To the extent the government can be barred from raising an affirmative defense, the Court finds the application of this principle misplaced in the context of the procedural posture of this case. The Court concludes the government has not waived the "affirmative defense" because Walker's *Rehaif* claim has never been at issue. The cases Walker relies on to support his argument are unavailing because they address waiver in the context of a government's actual response to a habeas petition. *E.g.*, *Howard v. United States*, 374 F.3d 1068, 1073 (11th Cir. 2004) (determining the government was barred from raising the defense of procedural default on appeal because neither the government nor the district court had raised the issue below); *Burgess v. United States*, 874 F.3d 1292, 1299 (11th Cir. 2017) (holding the district court erred when it sua sponte invoked a collateral-action waiver to dismiss a § 2255 motion after the government had waived the defense). Here, in contrast, the Court is evaluating a motion seeking leave to amend a motion to vacate under § 2255. The petitioner bears the burden of establishing that "justice so requires" the amendment. Fed. R. Civ. P. 15(a)(2). Here, the Court agrees with Judge Reid that justice does not require amendment because Walker's *Rehaif* claim is procedurally defaulted and he cannot establish cause and prejudice or that he is actually innocent.

### 3. Conclusion

The Court, thus, **affirms and adopts** Judge Reid's report and recommendation (**ECF No. 45**), **denying** Walker's motion for leave to amend his § 2255 motion to vacate (**ECF No. 27**). Because the Court denies the motion to amend, it denies Walker's motion for an indicative ruling as moot. To the extent this order is considered a final order, the Court does not issue a certificate of appealability.

**Done and ordered** in Miami, Florida, on October 23, 2020.

_____
Robert N. Scola, Jr.
United States District Judge